The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID DAVIDOW and SHERYL DE MERS, domestic partners,<br><br>Plaintiffs,<br><br>v.<br><br>ZALNATRAV, INC., a Washington corporation; RAVENARK, a Washington sole proprietorship; TRAVIS B. BRANDT and JANE DOE BRANDT, husband and wife, and the marital community composed thereof,<br><br>Defendants. | Civil Action No. 2:22-cv-01594-RAJ<br><br>**ORDER** |

Pending before the court are several motions in this matter: Defendant Brandt's Motion to Dismiss (Dkt. # 20), Defendant Brandt's Motion for Rule 11 Sanctions (Dkt. # 22), Plaintiffs' Motion for Preliminary Injunction (Dkt. # 26), Defendant Brandt's Motion to Dismiss for Failure to State a Claim (Dkt. # 33), Defendant Brandt's Emergency

ORDER - 1

Motion for Summary Judgment to Dismiss for Plaintiffs' Failure to Post TRO Rule 65(c) Bond (Dkt. # 38), and Defendant Brandt's Motion for Rule 56 Summary Judgment to Strike Ravenark and Rule 56 Summary Judgment to Dismiss Defendant Brandt (Dkt. # 39). On December 8, 2022, this Court issued a temporary restraining order (TRO) enjoining Defendants from disposing of the vessel at issue in this case, the 2022 Ravenark Bootlegger. Dkt. # 28. On December 12, 2022, the Court struck from the docket several motions filed by Defendant Zalnatrav, Inc. and ordered Zalnatrav to obtain counsel by January 12, 2023, pursuant to Local Civil Rule 83.2(b)(4). On December 22, 2022, this Court amended the TRO, which is set to expire on January 9, 2023.

      Given Defendant Brandt's prior threats to sell the vessel, more recent statements that the vessel comprises the entirety of his financial resources, and his request that the Court remove the TRO restrictions so that he may presumably sell the vessel in order to pay for counsel, good cause exists to preserve the status quo and extend the TRO. *See National Urban League v. Ross*, Case No. 20-CV-05799-LHK, 2020 WL 5578931, at *10 (N.D. Cal. Sept. 17, 2020) (explaining that TRO may be extended to preserve status quo and prevent irreparable harm). Further, the status of Zalnatrav's potential representation—and indeed, representation for all Defendants—remains in limbo, and briefing on several of Defendants' motions has been suspended pending resolution of this issue. This must be resolved before the Court may address the parties' motions and is an independent reason to extend the TRO. *Id.*, 2020 WL 5578931, at *8 (good cause to extend TRO exists when Court will not have opportunity to issue reasoned decision on pending motion prior to expiration of the TRO).

//

//

//

ORDER - 2

1    For the foregoing reasons, the Court finds good cause to extend the TRO. It is
2  **ORDERED** that Defendants are hereby enjoined from and shall cease transferring title,
3  selling, encumbering, borrowing against or using as collateral, destroying, moving, or
4  otherwise disposing of or transporting the 2022 Ravenark Bootlegger. It is further
5  **ORDERED** that this Order shall remain in effect until January 13, 2023.

7    DATED this 6th day of January, 2023.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER - 3