The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID DAVIDOW and SHERYL DE MERS, domestic partners,<br><br>Plaintiffs,<br><br>v.<br><br>ZALNATRAV, INC., a Washington corporation; RAVENARK, a Washington sole proprietorship; TRAVIS B. BRANDT and JANE DOE BRANDT, husband and wife, and the marital community composed thereof,<br><br>Defendants. | Civil Action No. 2:22-cv-01594-RAJ<br><br>**ORDER** |

This matter is before the Court on Plaintiffs David Davidow and Sheryl De Mers's ("Plaintiffs") motion for preliminary injunction. Dkt. # 26. Having reviewed the parties' submissions, the relevant portions of the record, and the applicable law, the Court finds

ORDER - 1

that oral argument is unnecessary. For the reasons below, the Court **GRANTS** Plaintiffs' motion.

## I. BACKGROUND

The Court recounted the background facts of this dispute in its December 8, 2022 Order granting Plaintiffs' request for a temporary restraining order ("TRO") enjoining Defendants from disposing of the vessel at issue in this case, the 2022 Ravenark Bootlegger ("Vessel"). Dkt. # 28. For efficiency's sake the Court will not repeat them here.

After issuing the TRO, the parties, and particularly Defendants, filed various motions in December. On December 12, 2022, the Court struck from the docket several motions filed by Defendant Zalnatrav, Inc. ("Zalnatrav") and ordered Zalnatrav to obtain counsel by January 12, 2023, pursuant to Local Civil Rule 83.2(b)(4). On December 22, 2022 the Court amended the TRO, and on January 6 the TRO was extended to January 13, 2023 to allow Defendant time to apprise the Court as to the status of representation for Zalnatrav. Dkt. # 45. On January 11, 2023 Brandt filed a "Reply to order [Dkt. 45] and Motion for Summary Judgment to Dissolve the TRO with Declaratory Judgment." Dkt. # 46. In this filing, Brandt indicates that despite many attempts, he has been unable to secure counsel to represent any of the Defendants in this matter, *id.* at 2-5, and requests that the Court dissolve the TRO immediately. He asks that the Court declare that the "status quo" is that Defendants may dispose of the Vessel in order to recoup their losses. *Id.* at 15. He also raises the issue of arbitration, which is contemplated in the parties' contract concerning the Vessel. See Dkt. # 26 at 29. Ultimately, Brandt's filing indicates that the parties' dispute concerning the Vessel remains outstanding, and that Defendants still wish to dispose of the Vessel prior to resolution of this litigation.

## II. LEGAL STANDARD

A party seeking a preliminary injunction must make a clear showing (1) of a

ORDER - 2

likelihood of success on the merits, (2) of a likelihood of suffering irreparable harm in the absence of preliminary relief, (3) that the balance of hardship tips in her favor, and (4) that a temporary restraining order is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (articulating standard for preliminary injunction). Further, the standards for a temporary restraining order and for a preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "But if a plaintiff can only show that there are 'serious questions going to the merits'— a lesser showing than likelihood of success on the merits— then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011)). "The elements of a preliminary injunction test must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). "'Serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* (citing *Wild Rockies*, 632 F.3d at 1135).

### III.   DISCUSSION

#### a.   Temporary Restraining Order

In their motion Plaintiffs allege that, despite purchasing and paying the full contract price of $208,444.00 for the Vessel, a 2022 Ravenark Bootlegger 24, they still have not received either the boat or a refund from Defendants. Dkt. # 26 at 1. Instead, Plaintiffs allege, Defendants have recently threatened to sell the boat to a third party through Alaska Boat Brokers or use it as collateral for a loan. *Id.* Plaintiffs argue that they are likely to succeed on their RICO, fraud, breach of contract, conversion, and

ORDER - 3

Washington Consumer Protection Act claims. *Id.* at 10-13. Further, they argue that they are likely to suffer irreparable harm in the absence of injunctive relief because of Brandt's various statements that he intends to dispose of the Vessel, that the balance of equities tip strongly in their favor because they are likely to face non-recovery should Brandt sell the Vessel, and that an injunction serves the public interest because Defendants' actions run contrary to the orderly and fair treatment of individuals under the law. *Id.* at 13-15.

Brandt, on behalf of all Defendants, argues that under the parties' Contract, Plaintiffs' payments for the Vessel were not tied to material progress on the Vessel and that Plaintiffs are in default of $154,403.28 worth of payments. Dkt. # 31 at 2, 3. Brandt further asserts that Plaintiffs have refused to engage in arbitration, even though it is required by the Contract, and opposes the entry of a preliminary injunction. *Id.*

Because the Court has already found the *Winter* factors weigh in favor of a TRO and there has been no factual development since the TRO was issued, the Court adopts its previous analysis and finds that the factors weigh in favor of a preliminary injunction. *See Galaxy Oil Co. v. Ameeti*, Case No. SACV-21-00311-CJC(KESx), 2021 WL 4047396, at *1 (C.D. Cal. March 29, 2021) (granting request for preliminary injunction when court previously issued TRO and factual basis for entering TRO had not changed).

The Court finds that Plaintiffs have raised serious questions going to the merits of their various claims concerning the Vessel and Plaintiffs' business dealings with Defendants. *See* Dkt. # 28 at 8-13. The Court also finds that Plaintiffs have established that they will suffer irreparable harm if an injunction is not issued, that the balance of the equities favors the issuance of an injunction, and that an injunction is in the public interest. *See id.* at 13-14. Indeed, Defendant Brandt continues to state to this Court his desire to sell or dispose of the Vessel to recoup his own costs, in spite of Plaintiffs' ownership interest in the Vessel and despite this Court's clear order that the Vessel

ORDER - 4

should not be sold, disposed of, or borrowed against. Defendants' consistent threats to sell the Vessel, as before, tip the balance of the equites sharply in favor of injunctive relief. *See Shell Offshore*, 709 F.3d at 1291 (when a plaintiff shows that there are "serious questions going to the merits," a preliminary injunction may issue if the balance of hardship tips sharply in plaintiff's favor).

### b. Rule 65 (c) Security

Federal Rule of Civil Procedure 65(c) provides that "[t]he court may issue a preliminary injunction … only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). However, "despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)) (quotations omitted). "The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.* As noted in this Court's prior Order, Dkt. # 41, the facts do not justify ordering Plaintiffs to give security. The Court seeks to maintain the status quo as the parties litigate this dispute. There is no realistic likelihood of harm to Defendants from enjoining them against selling or disposing of the Vessel, particularly given Defendants' multiple threats to do just that against Plaintiff's objections.

### c. Arbitration

Defendants raise the issue of arbitration and claim that Plaintiffs have refused to engage in arbitration as required by the parties' Contract. Dkt. # 31 at 2. Plaintiffs, on the other hand, do not address the issue in their briefing concerning the preliminary injunction. The Contract contains an arbitration provision, stating that "the parties agree to Pierce County, Washington and that arbitration shall be the sole and final resolution of

ORDER - 5

1    all disputes between them." Dkt. # 26, Ex. B at pp. 3. The arbitration clause states that
2    "the Parties agree to limit the maximum amount of any Remedy or Awarded Damages of
3    either prevailing party solely to $5,000." *Id.* Additionally, the parties can submit disputes
4    concerning "details" of the Vessel to arbitration. *Id.* at 2. Before proceeding in this matter
5    further, the Court will consider Brandt's requests to compel arbitration.

6          The Federal Arbitration Act ("FAA") governs contract disputes relating to
7    interstate commerce. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273-77
8    (1995). The FAA establishes "a liberal federal policy favoring arbitration agreements"
9    and requires district courts to compel arbitration on all claims within the scope of the
10   agreement. *Pilot Inc. v. Tyc Brother Industrial Co., Ltd.*, Case No. 2:20-cv-02978-ODW
11   (RAOx), 2020 WL 3833597, at *2 (C.D. Cal. July 8, 2020) (citing *Epic Sys. Corp. v.*
12   *Lewis*, 138 S. Ct. 1612, 1621 (2018)). Accordingly, the parties are ordered to submit legal
13   arguments addressing: 1) the arbitrability of Plaintiffs' claims arising out of the Contract,
14   and 2) the practical considerations of mandating arbitration, given that the Contract
15   appears to limit damages to $5,000, the value of the Vessel is thought to be many times
16   that amount, and the cost of preparation and participation in arbitration may exceed this
17   dollar amount. The parties shall file their opening briefs, not to exceed ten (10) pages, by
18   **January 27, 2023**. Responses are not to exceed five (5) pages and shall be filed by
19   **February 3, 2023.** The parties shall appear for a telephonic status conference on
20   **February 17, 2023** at **9:00 a.m.** At the status conference, the Court will provide its
21   ruling concerning the issue of arbitration. Further, the parties should be prepared to
22   provide to the Court an update on this case, including the status of the Vessel, the
23   representation status of all defendants, and a potential briefing schedule on any pending
24   motions.

25         Given that Defendant Brandt has represented to the court that he cannot comply
26   with Local Rule 83.2(b)(4) regarding representation for business entities, Brandt is

ORDER - 6

reminded that he cannot file pleadings on behalf of Zalnatrav, Inc. Further, briefing on Defendant's motion to dismiss (Dkt. # 20), motion for sanctions (Dkt. # 22), motion to dismiss for failure to state a claim (Dkt. # 33), emergency motion for summary judgment to dismiss (Dkt. 38), and motion for Rule 56 summary judgment (Dkt. 39) shall remain suspended pending resolution of the issue of arbitrability.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

ORDER - 7

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' request for a preliminary injunction. It is **ORDERED** that Defendants are hereby enjoined from and shall cease transferring title, selling, encumbering, borrowing against or using as collateral, destroying, moving, or otherwise disposing of or transporting the 2022 Ravenark Bootlegger. No bond or other security is required, pending further order of the Court. This preliminary injunction is effective immediately and will remain in effect for six months or until trial in this matter, whichever comes first.

It is further **ORDERED** that the parties shall submit briefs addressing: 1) the arbitrability of Plaintiffs' claims arising out of the Contract, and 2) the practical considerations of mandating arbitration, given that the Contract appears to limit damages to $5,000, the value of the Vessel is thought to be many times that amount, and the cost of preparation and participation in arbitration may exceed this dollar amount. The parties shall file their opening briefs, not to exceed ten (10) pages, by **January 27, 2023**. Responses are not to exceed five (5) pages and shall be filed by **February 3, 2023.** The parties shall appear for a telephonic status conference on **February 17, 2023** at **9:00 a.m.**

It is further **ORDERED** that briefing shall remain suspended on Dkt. ## 20, 22, 33, 38, and 39 pending resolution of the issue of arbitrability.

DATED this 13th day of January, 2023.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER - 8