The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID DAVIDOW and SHERYL DE MERS, domestic partners,

Plaintiffs,

v.

ZALNATRAV, INC., a Washington corporation; RAVENARK, a Washington sole proprietorship; TRAVIS B. BRANDT and JANE DOE BRANDT, husband and wife, and the marital community composed thereof,

Defendants.

Civil Action No. 2:22-cv-01594-RAJ

**ORDER**

This matter is before the Court on the issue of the arbitrability of this case. Dkt. # 26.  This case concerns a dispute over the construction of an aluminum boat, the "Ravenark Bootlegger" ("Vessel"), that was to be manufactured by Defendants. The

ORDER - 1

December 11, 2021 contract signed by David Davidow and Travis Brandt on behalf of Zalnatrav, Inc. ("Contract") regarding the Vessel contains an arbitration provision, stating that "the parties agree to Pierce County, Washington and that arbitration shall be the sole and final resolution of all disputes between them." Dkt. # 8 at 13. This provision further states that "the Parties agree to limit the maximum amount of any Remedy or Awarded Damages of either prevailing party solely to $5,000." *Id.* Additionally, the Contract provides that the parties can submit disputes concerning "details" of the Vessel to arbitration. *Id.* at 2.  Defendants have requested that the parties be compelled to attend arbitration. *See* Dkt. # 30 at 20.

On February 17, 2023 the Court held a telephonic status conference during which the parties presented their arguments concerning the issue of arbitration and gave the Court a general status update. Additionally, Brandt advised the Court that the Vessel remains in Tacoma, Washington. Having reviewed the parties' submissions, oral arguments, the relevant portions of the record, and the applicable law, the Court **DENIES** Defendant's request to compel the parties to attend arbitration.

I. **BACKGROUND**

The Court recounted the background facts of this dispute in its December 8, 2022 Order granting Plaintiffs' request for a temporary restraining order ("TRO") enjoining Defendants from disposing of the Vessel. Dkt. # 28. More recent developments are detailed in this Court's January 13, 2023 Order granting Plaintiffs' motion for a preliminary injunction. Dkt. # 47.

Particularly relevant to the issue at hand are the claims advanced by the parties. Plaintiffs bring various causes of action, including RICO, fraud, breach of contract, conversion, and Washington Consumer Protection Act (WCPA) claims. Dkt. # 1. They seek recession of the Contract, a judgment against Defendant in the amount of $208,444.00, an injunction preventing transfer of the Vessel and requiring Defendants to

ORDER - 2

stop engaging in allegedly deceptive trade practices in the boat building industry, and costs and fees. *Id.* at 17-18. Defendants counterclaimed for fraud, breach of contract for not engaging in arbitration, breach of contract for non-payment, and malicious persecution. Dkt. ## 17, 30. Brandt seeks to have Plaintiffs' case dismissed, to keep all payments made by Davidow, and damages totaling $2,155,034.28. Dkt. # 30 at 25-26.

In its January 13, 2023 Order, the Court ordered the parties to submit briefing addressing the arbitrability of Plaintiffs' claims arising out of the Contract and the practical considerations of mandating arbitration, given that the Contract appears to limit damages to $5,000, the value of the Vessel is thought to be many times that amount, and the cost of preparation and participation in arbitration may exceed this dollar amount. Additionally, the Court instructed the parties to be prepared to address the status of the Vessel, the representation status of all defendants, and a potential briefing schedule on any pending motions at the telephonic status hearing. In advance of the hearing, Plaintiffs filed an Opposition to Arbitration (Dkt. # 48) and a Response to Defendant Travis Brandt's Reply (Dkt. # 51), and Defendant Brandt filed a Reply to the Court's Order (Dkt. # 50) and a Reply to Plaintiff's Opposition (Dkt. # 53).

Currently, several motions filed by Brandt are pending: a Motion to Dismiss (Dkt. # 20), Motion for Sanctions (Dkt. # 22), Motion to Dismiss for failure to state a claim (Dkt. # 33), Emergency Motion for Summary Judgment to Dismiss (Dkt. # 38), and Motion for Rule 56 Summary Judgment (Dkt. # 39). The parties have consented to a noting date of March 17, 2023 for each of the pending motions filed by Defendant Brandt.

## II.     LEGAL STANDARD

Because the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, requires courts to "direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed, the FAA limits court involvement to determining (1) whether a valid

ORDER - 3

agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (internal quotations omitted). The FAA is a "congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 2 (1983); *see also* 9 U.S.C. § 2. The party opposing arbitration bears the burden of showing that the agreement is not enforceable. *See Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000); *Rodriguez de Quijas v. Shearson/American Exp., Inc.*, 490 U.S. 477, 483 (1989). Here, that is the Plaintiffs.

Regarding the first prong, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013) (citing *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). Regarding the second prong, "[t]he scope of an arbitration agreement is governed by federal substantive law." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). If a contract contains an arbitration clause, there is a presumption that the dispute is arbitrable. *AT & T Techs., Inc. v. Comm'ns Workers of America*, 475 U.S. 643, 650 (1986). In that case, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Simula*, 175 F.3d at 719. However, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening [9 U.S.C. § 2]." *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

### III.  DISCUSSION

#### a.  Arbitration Provisions Within the Parties' Contract

The Contract at issue was signed by Plainitiff David Davidow (the "Buyer") and Defendant Travis Brandt as President of Zalnatrav, Inc. (the "Manufacturer") on

ORDER - 4

December 21, 2021. Dkt. # 8, 11. As Plaintiff notes, it appears to have been drafted by a layperson. It contains a few sections that address arbitration in the event of certain disputes between the parties. Section 18 of the Contract states:

> 18. Arbitration Clause, the Parties agree to Arbitration in Pierce County, Washington and that arbitration shall be the final and sole resolution of all disputes between them.
>     a. Limits of Remedies and Award Damages: Notwithstanding *Paragraph 16. Late Payment of Buyer*, the Parties agree to limit the maximum amount of any Remedy or Awarded Damages of either prevailing party solely to $5,000.00.

Dkt. # 8, at 13 (emphasis in original) ("Arbitration Provision"). Paragraph 16, concerning late payment by the Buyer, states:

> 16. Late Payment of Buyer. Separate from the Arbitration Clause below, if any invoice is not paid-in-full by the due date, then interest of 17% (seventeen percent) per annum shall be immediately applied and invoiced on the Total Purchase Price, without prejudice to any other Remedy described herein and Manufacturer shall follow these actions:
>     a. First, Agreeably negotiate acceptable terms to remedy the Buyers late payment default. Such agreement shall be in writing and signed by both parties, and shall not supercede the following,
>     b. If no reasonable acceptable terms are reached within 20 days or upon failure of Buyer to remedy the new agreement then manufacturer may Cancel this Agreement without any further notice to Buyer, and may in its sole discretion:
>         i. Keep and retain for Manufactures [sic] own benefit all payments of Buyer, and, or
>         ii. Keep and re-sell the vessel to recoup its loss and defaulted Buyer shall have no claim on those funds.
>         iii. Above (i) and (ii) shall be last resort only if 16.a. fails after 20 days.

*Id.* at 12-13. Additionally, Section 11 of the Contract refers to arbitration by the parties:

> 11. Inspection and Survey of vessel by Buyer is encouraged and Manufacturer shall grant to Buyer reasonable access by appointment during normal working hours and curing Commissioning sea trials. If Buyer becomes unsatisfied with any

ORDER - 5

details, Buyer shall immediately notify Manufacturer in writing. If Manufacturer disputes such complaint and the parties cannot resolve between themselves it shall immediately be submitted to arbitration in Pearce [sic] County, Washington state. In such event, Manufacturer shall continue its duty in manufacturing throughout the complaint process and no complaint or dispute shall relieve Buyer from its duty to perform of making any payments.

*Id.* at 12.

Plaintiff makes three arguments in opposition to arbitration in this matter: (1) claims arising out of the Contract related to non-payment of invoices are not arbitrable because Section 18 expressly excludes disputes related to invoices; (2) contract defenses of fraud and unconscionability render the provision invalid; and (3) arbitrating this dispute is not practical due to the monetary costs and Zalnatrav's ongoing lack of representation. Dkt. # 48. Defendant Brandt—not Zalnatrav— argues that Plaintiffs failed to make the third required payment, refused to register the boat, refused to pay three invoices in August – October 2022, and have not paid the 17% interest that was to be assessed on those missed payments. Dkt. # 50 at 4. Because of this, he argues, the remedies contemplated in Section 16 of the Contract, up to and including keeping the Vessel and all payments made by Plaintiffs, should be available to Defendant. *Id.* Plaintiffs counter that the Defendant has fabricated allegations of non-payment in order to propel his counterclaims forward, while ignoring that Plaintiffs have paid the full contract price for the Vessel. Dkt. # 48 at 4. Additionally, Plaintiffs note that Brandt cannot advance arguments on behalf of Zalnatrav because of the long-standing rule that a corporation may only appear through licensed counsel. Dkt. # 51; *see also* Local Rule 83.2(b)(4). Ultimately, neither party disputes that they signed the Contract containing the Arbitration Provision. The parties disagree, however, as to whether the Arbitration Provision is applicable to the disputes at issue.

ORDER - 6

### b. The Arbitration Provision of the Contract Excludes Disputes Concerning Late or Unpaid Invoices

By its own terms, the Contract's Arbitration Provision excludes disputes concerning unpaid or late paid invoices. At the heart of Defendant's argument to compel arbitration is his assertion that Plaintiff breached the Contract by failing to pay several invoices for bottom paint and the interest that would then accrue pursuant to Section 16. He argues that, due to Plaintiff's breach, the parties should immediately proceed to arbitration. However, this Section ("Late Payment of Buyer") indicates that the remedies contained within it are "[s]eparate from the Arbitration Clause below…."

Moving to the Arbitration Provision itself, it includes a carve-out for remedies arising out of the Buyer's late or missed payments. While the Contract states that arbitration "shall be the sole and final resolution of all disputes between them," the same provision limits any damages arising out of arbitration to $5,000, "[n]otwithstanding *Paragraph 16. Late Payment of Buyer*" Dkt. # 8 at 13 (emphasis in original). Taken together, Sections 16 and 18 indicate that the parties intended to separate disputes over late payments or non-payment from other arbitrable disputes, giving the Manufacturer a great deal more latitude to pursue severe remedies in the event of non-payment. *See Hearst Commc'n, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 503 (2005) ("[W]e attempt to determine the parties' intent by focusing on the objective manifestations of the agreement…"). Any disputes arising from Plaintiffs' alleged non-payment of several invoices and failure to pay the full price for the Vessel, such as those asserted by Brandt, Dkt. # 50 at 3, are excluded from arbitration by the plain language of the Contract.

### c. The Unconscionable Nature of the Arbitration Provision Renders it Unenforceable

Further, the unconscionable nature of the Arbitration Provision renders it unenforceable. Courts may not invalidate arbitration agreements "under state laws applicable *only* to arbitration provisions." *Doctor's Assoc.,* 517 U.S. at 687. Instead, "state law may be applied '*if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally.' Thus, generally applicable defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening §2." *Id.* at 686-687 (quoting *Perry v. Thomas*, 482 U.S. 483, 492, n.9 (1987)) (citations omitted). Plaintiffs argue that the limitation on damages contained within the Arbitration Provision is unconscionable because it deprives Plaintiffs of the legal rights and remedies provided for in the WCPA, RCW 19.86.090, and the RICO Act, 18 U.S.C. § 96. Specifically, Plaintiffs argue that the Arbitration Provision prevents them from recovering statutory damages and attorney's fees and does not provide for equitable relief, which they seek through this lawsuit.

Whether a contract is unconscionable is a question of law. *Nelson v. McGoldrick*, 127 Wn.2d 124, 131(1995). Under Washington law, a contract may be invalidated on procedural unconscionability or substantive unconscionability grounds. *Tjart v. Smith Barney, Inc.*, 107 Wn. App. 885, 898 (2001). Substantive unconscionability "involves those cases where a clause or term in the contract is alleged to be one-sided or overly harsh[,]" while procedural unconscionability "has been described as the lack of meaningful choice, considering all the circumstances surrounding the transaction including 'the manner in which the contract was entered,' whether each party had 'a reasonable opportunity to understand the terms of the contract,' and whether 'the important terms [were] hidden in a maze of fine print…." *Id.* (citing *Nelson*, 127 Wn.2d at 131) (quotation omitted).

ORDER - 8

Washington "has been reluctant to allow CPA rights," including actual and punitive damages, "to be waived by preinjury contract." *Saleemi v. Doctor's Associates, Inc.*, 176 Wn. 2d 368, 383 (2013). The Arbitration Provision here limits "any Remedy or Awarded Damages of either prevailing party solely to $5,000.00," Dkt. # 8 at 13, effectively foreclosing any relief beyond that number, even if either party could otherwise seek it under federal or Washington law. Further, given that the Contract provides for a purchase price of $202,951 for the Vessel, a total damages cap of $5,000 is not so much "one-sided" as it is "overly harsh" to both parties. *Luna v. Household Fin. Corp. III*, 236 F. Supp. 2d 1166, 1177 (W.D. Wash. 2002) (laying out standard for substantive conscionability). It appears to be impossible that the damages cap could allow either party to emerge from this dispute made whole. *See Teuscher v. CBB-NWB,* LLC, 437 F.Supp.3d 849, 857 (E.D. Wash. 2020) ("In Washington, liquidated damages provisions are upheld when the amount specified 'is a reasonable forecast of the compensation necessary to make the [non-breaching party] whole[.]'") (quoting *Wallace Real Estate Inv., Inc. v. Groves*, 124 Wn.2d 881, 894 (1994)). The Arbitration Provision is substantively unconscionable under Washington law and therefore unenforceable.

### d. Arbitration is Not Practical in this Case

The Court ordered the parties to address the practical considerations of mandating arbitration, given that the Contract appears to limit damages to $5,000, the value of the Vessel is thought to be many times that amount, and the cost of preparation and participation in arbitration may exceed this dollar amount. Plaintiffs argue that there are several downsides to arbitration, including the fact that Zalnatrav, signatory to the Contract, is not represented by counsel and two established Pierce County arbitration firms will charge at least several thousand dollars for a single-day hearing. Dkt. # 48 at 8-9. Plaintiff's counsel states that arbitration at the Washington Arbitration & Mediation

ORDER - 9

Service ("WAMS") is subject to a $350 per party nonrefundable filing fee, requires a hearing of at least four (4) hours, and the least expensive arbitrators charge $425 per hour, excluding fees. Dkt. #49, Ex. A (Declaration of Jesse Miles, WAMS Fee Schedule). JAMS charges a $3,500 filing fee for matters involving three or more parties and a $2,000 fee for counterclaims and has similar minimum hour fees. *Id.*, Ex. C (JAMS Fee Schedule). While Defendant Brandt does not directly address the practical considerations of arbitration, he contests that Plaintiff does not suggest Pierce County Center for Dispute Resolution as an arbitration option. Defendant claims that this Center charges $400 per person and only one hour of arbitration would be needed to resolve the matter in Defendant's favor. While the Court is not familiar with the Pierce County Center for Dispute Resolution and Defendant provides no contact information for this entity, the Court understands Defendant's desire to seek affordable dispute resolution options, especially given Brandt's averments that the Vessel comprises the entirety of his financial resources. Dkt. # 38 at 1-2. However, the practical considerations raised by Plaintiff cut against requiring arbitration at this time, particularly given Zalnatrav's ongoing lack of representation and Brandt's statements at the status conference that he does not have the financial ability to cover even a portion of the likely costs. The Court is unwilling to place the entire burden of the cost on Plaintiffs and finds that arbitration would simply be not practical in this matter.

### e. The Representation Status of Defendants

On December 12, 2022, this Court ordered Zalnatrav to obtain counsel within thirty days, because this District's Local Rules require that all business entities be represented by counsel. *See* LCR 83.2(b)(4). On January 11, 2023, Brandt filed a pleading with the Court stating that he was unable to obtain counsel. Dkt. #46. Further, at the status conference, Brandt confirmed that Zalnatrav remains unrepresented and that he does not have the funds to hire counsel for Zalnatrav or for himself. Therefore, pursuant

ORDER - 10

to the Local Rules, Zalnatrav is subject to an entry of default as to Plaintiffs' claims. *Id.*

### IV.   CONCLUSION

For the foregoing reasons, the Court finds that the Arbitration Provision contained within the Contract is unconscionable and unenforceable under Washington law. Also, the Provision itself excludes from arbitration any disputes concerning late or non-payment of invoices. Finally, the costs of arbitration and the unrepresented status of Zalnatrav make arbitration not practicable. Therefore, the Court **DENIES** Defendants' request to compel the parties to attend arbitration.

It is further **ORDERED** that Defendant Brandt's Motion to Dismiss (Dkt. # 20), Motion for sanctions (Dkt. # 22), Motion to Dismiss for failure to state a claim (Dkt. # 33), Emergency Motion for Summary Judgment to Dismiss (Dkt. # 38), and Motion for Rule 56 Summary Judgment (Dkt. # 39) shall be noted for March 17, 2023.

DATED this 17th day of February.

The Honorable Richard A. Jones
United States District Judge

ORDER - 11