The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

DAVID DAVIDOW and SHERYL DE MERS, domestic partners,

    Plaintiffs,

v.

ZALNATRAV, INC., a Washington corporation; RAVENARK, a Washington sole proprietorship; TRAVIS B. BRANDT and JANE DOE BRANDT, husband and wife, and the marital community composed thereof,

    Defendants.

Civil Action No. 2:22-cv-01594-RAJ

**ORDER**

Pending before the Court is Plaintiffs'/Counter-Defendants' ("Plaintiffs") Motion to Extend Order Granting Plaintiffs' Preliminary Injunction. Dkt. # 103. Defendants/Counterclaim Plaintiffs ("Defendants" or "Mr. Brandt") did not respond. Having reviewed the parties' submissions, the relevant portions of the record, and the applicable law, the Court **GRANTS** Plaintiffs' motion.

ORDER - 1

## I.  BACKGROUND

On December 8, 2022, this Court issued a temporary restraining order (TRO) enjoining Defendants from disposing of the vessel at issue in this case, the 2022 Ravenark Bootlegger ("the Vessel"). Dkt. # 28. On December 22, 2022, this Court amended the TRO, which was set to expire on January 9, 2023. Dkt. # 41. The Court then extended the TRO on January 6, 2023. Dkt. # 45. On January 13, 2023, this Court granted Plaintiffs' request for a preliminary injunction, ordering that Defendants were enjoined from and shall cease transferring title, selling, encumbering, borrowing against or using as collateral, destroying, moving, or otherwise disposing of or transporting the Vessel. Dkt. # 47 at 8. Further, the Court found that no bond or security was required. *Id.* This Court ordered that the preliminary injunction was to remain in effect for six months or until trial in this matter, whichever was to come first. *Id.*

Recently, the parties have appeared before this Court for hearings concerning discovery disputes and various pending motions. *See* Dkt. ## 102, 105, 106. Currently, the parties are engaged in discovery, and the parties' Joint Status Report and Discovery Plan is due by July 25, 2023. Dkt. # 102; *see also* Dkt. # 107 (Order Regarding FRCP 26(f) Conference, Initial Disclosures, and Joint Status Report).

## II.  DISCUSSION

On June 15, 2023, Plaintiffs filed the instant Motion requesting that this Court extend the preliminary injunction until trial and expand the injunction to include the engines associated with the Vessel and any items purchased with Plaintiffs' funds. Dkt. 103 at 3. Plaintiffs state that they have retained experts to inspect the Vessel with the permission of Mr. Brandt and provide a valuation of the Vessel hull and its associated engines. Dkt. # 104 (Declaration of Jesse Miles ISO Motion), Ex. A, B. Plaintiffs argue that the circumstances that led this Court to enter a TRO and preliminary injunction still exist, and an injunction continues to be necessary to preserve what may be Plaintiffs'

ORDER - 2

only route to potential recovery. Dkt. # 103 at 3. The Court agrees.

A party seeking a preliminary injunction must make a clear showing (1) of a likelihood of success on the merits, (2) of a likelihood of suffering irreparable harm in the absence of preliminary relief, (3) that the balance of hardship tips in her favor, and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (articulating standard for preliminary injunction). "But if a plaintiff can only show that there are 'serious questions going to the merits'— a lesser showing than likelihood of success on the merits— then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011)). "The elements of a preliminary injunction test must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). "'Serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* (citing *Wild Rockies*, 632 F.3d at 1135).

This Court has previously found that Plaintiffs have made a clear showing for both a TRO and a preliminary injunction based on the *Winter* factors. Dkt. ## 41, 47; *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 893 n.7 (noting that the standards for a temporary restraining order and for a preliminary injunction are "substantially identical"). Recent fact developments—such as the parties' dispute over the deposition of Mr. Brandt and Plaintiffs' engagement of experts to ascertain the status and value of the Vessel—underscore the need for this Court to maintain the status quo as the parties engage in discovery and litigate this matter. Therefore, the Court adopts its

ORDER - 3

previous analysis and finds that good cause exists to preserve the status quo and the *Winter* factors weigh in favor of extending the preliminary injunction. *See Galaxy Oil Co. v. Ameeti*, Case No. SACB-21-00311-CJC (KESx), 2021 WL 4047396, at *1 (C.D. Cal. Mar. 29, 2021) (granting request for preliminary injunction when court previously issued TRO and factual basis for entering TRO had not changed); *see also Pacific Kidney & Hypertension, LLC v. Kassakian*, 156 F.Supp.3d 1219, 1223 n. 2 (D. Or. 2016) ("A preliminary injunction…may last for months, if not years, while the lawsuit progresses towards its conclusion."). Further, this Court again finds that no Rule 65(c) security is necessary, as there continues to be no realistic likelihood of harm to Defendants from enjoining them from selling or disposing of the Vessel during the pendency of this litigation.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to extend the preliminary injunction. Dkt. # 103. It is **ORDERED** that Defendants are hereby enjoined from and shall cease transferring title, selling, encumbering, borrowing against or using as collateral, destroying, moving, or otherwise disposing of or transporting the 2022 Ravenark Bootlegger (the Vessel), the engines associated with the Vessel, and any items purchased with funds paid by Plaintiffs to Defendants. No bond or other security is required, pending further order of the Court. The preliminary injunction is extended effective immediately and will remain in effect until trial in this matter.

DATED this 12th day of July, 2023.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER - 4