THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID DAVIDOW and SHERYL DE MERS, domestic partners,<br><br>Plaintiffs,<br><br>v.<br><br>ZALNATRAV, INC., a Washington corporation; RAVENARK, a Washington sole proprietorship; TRAVIS BRANDT and JANE DOE, spouses, and the marital community composed thereof,<br><br>Defendants. | CASE NO. 2:22-cv-01594-RAJ<br><br>ORDER |

This matter comes before the Court on Plaintiffs' Motion to Compel Answers to Interrogatories, Production of Documents, and Answers to Deposition Questions from Defendants (Dkt. # 111), Plaintiffs' Motion for Protective Order Re Defendant Brandt's Interrogatory No. 1 to Plaintiffs and Defendant Brandt's Second Interrogatory to Plaintiffs (Dkt. # 114) and Defendant and Counter Plaintiff Brandt's First Motion to Compel Discovery and Production by Plaintiffs and Motion to Compel Rule 37 Sanctions (Dkt. # 117). Defendant Brandt opposes Plaintiffs' Motion to Compel (Dkt. # 113) and

Plaintiffs oppose Defendant Brandt's Motion to Compel (Dkt. # 121). For the following reasons, the Court **GRANTS** Plaintiffs' Motion to Compel, **DENIES** Defendant Brandt's Motion to Compel, and **DENIES** as moot Plaintiff's Motion for a Protective Order.

## I. BACKGROUND

This Court has set forth the factual background of this case in several prior orders and will provide the factual background relevant to the parties' instant discovery disputes. Plaintiffs propounded their first set of written discovery on Defendant on February 23, 2023. Dkt. # 112 ¶ 4 (Declaration of Jesse Miles ISO Plaintiffs' Motion to Compel). On March 27, 2023 Defendant provided his responses to Plaintiffs. *Id.* ¶ 8-9, Ex. A (Defendant's responses to Plaintiffs' first set of discovery requests). On February 22, 2023 Defendant propounded his first set of Interrogatories and Requests for Production (RFPs) on Plaintiffs. Plaintiffs provided responses on March 24, 2023. Dkt. # 115, Ex. C. February 27, 2023, Defendant propounded his second set of written discovery requests. Dkt. # 118 at 1 (Declaration of Travis Brandt ISO Defendant's Motion to Compel). Plaintiffs noted a deposition of Defendant Brandt for March 2023, who requested that he be deposed virtually to accommodate his employment out of state. Dkt. # 112 ¶ 4, 5. Plaintiffs agreed to conduct the deposition virtually; however, a few days before the deposition, Defendant cancelled and filed numerous motions with the Court seeking to pause discovery and dismiss the case. Dkt. # 112 ¶ 6; Dkt. ## 77, 79, 83, 85. Plaintiffs moved compel to Defendant's deposition, and this Court granted Plaintiffs' request in June 2023. Dkt. # 102. Defendant appeared virtually for his deposition on June 30 and July 6, 2023. *Id.* ¶ 10-11, Ex. B (Transcript of Deposition of Defendant Brandt). On numerous occasions during the deposition, Defendant lodged various objections, refused to answer questions, and repeatedly threatened to end the deposition. *Id.* The parties conferred during deposition breaks and at a later meet and confer conference on July 10, 2023. Dkt. #112 ¶ 12, 14; Dkt. # 118 at 2. However, the parties were unable to resolve their outstanding issues. Plaintiffs now seek to compel Defendant's responses to

Interrogatory Nos. 1-4, 6-8, 10, and 17, RFP Nos. 1-12 and 14-18, and full answers to several deposition questions. Dkt. # 111 at 5-11. Defendant moves for an order compelling Plaintiffs to respond to Defendant's Interrogatories and RFPs and for sanctions. Dkt. # 117. Additionally, Plaintiffs seek a protective order stating that Plaintiffs shall not have to further respond to Defendant's Interrogatories, and specifically shall not be required to disclose their financial information to support their solvency in this matter. Dkt. ## 114; 114-1.

## II. LEGAL STANDARD

The Court has broad discretion to control discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011), *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any discovery request that is not privileged and that is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevant information is that which is "reasonably calculated to lead to the discovery of admissible evidence." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).

If a party refuses to respond to discovery, the requesting party "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying,

explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc*., 175 F.R.D. 646, 650 (C.D. Cal. 1997).

## III. DISCUSSION

### a.) Plaintiffs' Motion to Compel (Dkt. # 111)

Plaintiffs seek to compel full responses to several Interrogatories from Defendant. Dkt. # 111 at 5-6. Defendant provided incomplete answers to many Interrogatories (Nos. 1, 2, 4, 10) and failed to provide any response to others (Nos. 3, 6, 7, 8, 17). Dkt. # 112, Ex. A. Instead, Defendant lodged several seemingly groundless objections. For example, in response to Interrogatory No. 6, which asks Defendant to identify where he purchased the Suzuki engines used for the Vessel, Defendant objected on the basis of "trade secrets," stated that "outboards and supplies can be sourced from many sources," argued that the engines referred to in the Interrogatory could be referring to the engine of another boat, and asserted that the question is "out of scope" and "irrelevant." *Id.* at 8. In response to Interrogatory No. 8, which seeks an itemized list and specific accounting of items, services, parts, equipment, tools, and engines purchased with funds provided by Plaintiffs, Defendant objects that the question is "unconscionable," the answer is "irrelevant," and Plaintiff Davidow is not entitled to see an accounting of transactions because Davidow only seeks to "call into question various expenses…that he does not agree with…" *Id.* at 9.

In response to Plaintiffs' RFPs, Defendant provided no documents. Dkt. # 112, Ex. A at 24-30. Indeed, Defendant simply states "None," or "None produced," in response to requests for documents related to Zalnatrav, Inc. and Mr. Brandt's tax returns. *Id.* Additionally, Defendant lodged several objections against many RFPs, including objections on the basis of relevance, trade secrets, and unconscionability. *Id.*

Finally, Plaintiffs detail numerous instances where Defendant refused to answer or gave vague answers to various questions posed to him at his deposition, and seek to have Defendant Brandt appear for a further deposition not to exceed four hours in length. Dkt.

# 111 at 10-11; Dkt. # 111-1 (Plaintiffs' Proposed Order). A review of Defendant's deposition transcript reveals numerous instances where Defendant refused to answer even the most basic of questions, such as who drafted the contract signed by the parties, Dkt. # 112, Ex. B (Brandt Depo. at 25:2-28:5; 201:2-25), whether Defendant Brandt registered Ravenark as a trademark or brand with the United States government (Brandt Depo. at 23:7-24:5), and from whom Defendant purchased windows and seats to be used in the Vessel (Brandt Depo. at 166:14-18; 167:3-6; 168:25-169:2; 170:13-18). Instead, Plaintiff responded with various objections such as, "calls for speculation," "ambiguous," "compounded," "asked and answered," "misstates testimony," "irrelevant," "form," and "privilege." *See generally* Brandt Depo. Critically, in most instances when Defendant objected to Plaintiffs' counsel's questioning, Defendant also ultimately did not provide an answer to the pending question. *Id.*

Defendant opposes Plaintiffs' motion and argues that the parties' contract precludes the production of most discovery sought by Plaintiffs, because "the Agreement is the complete and entire Agreement and supersedes all prior or contemporaneous discussions, negotiations and agreements between the parties…" Dkt. # 113 at 3. Defendant argues that the parties' contract constitutes the entire agreement between himself and Plaintiffs; therefore, he is under no obligation to provide requested documents or answer Interrogatories or deposition questions that Defendant does not find relevant to the parties' performance under the contract. *Id.* The Court finds Defendant's responses to Plaintiffs' Interrogatories, RFPs, and deposition questions deficient and his arguments opposing Plaintiffs' motion to compel are unavailing.

The information sought by Plaintiffs in their Interrogatories and RFPs is relevant to Plaintiffs claims, which concern the fabrication of the Vessel and Defendant's use of funds provided by Plaintiffs in order to complete the parties' contract, and Defendant's counterclaims and allegations of fraud. In just one example, Plaintiffs Interrogatory No. 4 seeks the identifying information of Defendant's prior customers for his boat

manufacturing business in the past ten years.[1] To prevail on a CPA claim, Plaintiffs must show: (1) an unfair or deceptive practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to business or property, and (5) causation. *Panang v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37 (2009). In a private action such as this, "plaintiff[s] can establish that the lawsuit would serve the public interest by showing a likelihood that other plaintiffs have been or will be injured in the same fashion." *Trujillo v. Nw. Tr. Serv., Inc.*, 183 Wn.2d 820, 837 (2015). Consequently, the information sought in Plaintiffs' Interrogatory No. 4 is relevant to their CPA claim. Similarly, Plaintiffs' RFP No. 1, which seeks the financial documents of Zalnatrav and to which Defendant provided no response, is indisputably relevant to their claims for breach of contract, fraud, conversion, RICO, and CPA violations. Dkt. # 1 ¶ 86-119.

Further, Defendant has not shown that certain information sought, such as where Defendant purchased the engines used in the Vessel, constitute trade secrets (especially because neither party alleges that trade secrets were misappropriated) or are somehow otherwise privileged. Neither can Defendant argue that the parties' contract concerning the Vessel somehow releases him from his obligation to provide complete responses to discovery requests. Defendant has remained steadfast in his position that, "[t]he mutually signed Contract is the ruling authority in this Case." However, "a party is entitled to seek discovery on its theory of the facts and the law, and is not limited in discovery by the opponent's theory." *Big City Dynasty v. F.P. Holdings, L.P.*, 336 F.R.D. 507, 511 (D. Nev. 2020) (quoting 8 Wright, Miller, & Marcus, FEDERAL PRACTICE AND PROCEDURE, § 2011 at 274 (2010)). As such, this Court finds "good reason to eschew resolution of merits-based challenges presented in the guise of a relevance objection," such as here. *Id.*

---

[1] Defendant objected that this request is "irrelevant," and "overly broad." Dkt. # 112, Ex. A at 3.

With regard to Plaintiffs' request for further deposition time, this Court finds that Defendant improperly refused to answer Plaintiffs' deposition questions at his June 30 and July 6, 2023 deposition. Rule 30 provides that objections may be made as to any aspect of the deposition and noted on the record; however, "the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 32(c)(2). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.* Defendant does not argue that any of these exceptions apply here.

Accordingly, Plaintiffs' motion to compel is **GRANTED.** Defendant must respond to the outstanding discovery requests detailed within Plaintiff's motion to compel (Dkt. # 111) within seven (7) days of the date of this order. Further, Plaintiffs are granted leave to conduct a further deposition of the Defendant for up to two (2) hours.

**b.) Defendant's Motion to Compel (Dkt. # 117)**

Defendant seeks to compel the production of discovery by Plaintiffs and sanctions under Rule 37. Dkt. # 117. Defendant seeks information regarding what actions Plaintiffs took to make funds available to make payments towards the Vessel and its expenses (such as selling property or stock) and supporting documentation. Dkt. # 118 (Brandt Declaration ISO Motion to Compel), Ex. A. Defendant's RFP No. 5 seeks statements of all of Plaintiffs' individual and joint bank accounts, investment accounts, insurance policies, retirement accounts, pensions, credit cards, loans, lines of credit, and all other financial accounts from October 2021 through March 2023. *Id.* RFP Nos. 7 and 8 seek documentation of Plaintiffs' purchase of any vehicles from January 2021 to January 2023 and documentation of veterinary work obtained by Plaintiffs from December 9, 2021 to January 1, 2023. *Id.* Plaintiffs objected to each Interrogatory and RFP on the basis that Defendant's requests were overbroad, vague, ambiguous, and not relevant to Plaintiffs' claims or Defendant's defenses or counterclaims. *Id.*

Defendant argues that Davidow "represented to [Defendant] that he did not have the funds on hand to get through the project but instead was buying other large ticket items, or would need to restructure the payments in the upcoming months, or had sick pets, or was waiting for funds from his home projects…" Dkt. # 118 at 3. According to Defendant, Davidow misrepresented his ability to make future payments towards the Vessel and instead spent money on animals and a new vehicle. This allegation appears to underpin Defendant's counterclaims for fraud and breach of contract. *See* Dkt. # 30.

Plaintiffs argue that they have provided Defendant with an adequate response to Defendant's Interrogatory No. 1, which asks Plaintiffs to identify with particularity all information and documentation supporting the allegations in Plaintiffs' complaint, and RFP No. 1, which requests the items identified in Interrogatory No. 1. Dkt. # 115, Ex. C. According to Plaintiffs, they provided Defendant with all text and email exchanges between Davidow and Brandt concerning the Vessel on July 6, 2023, and have provided Defendant with expert reports, declarations, and exhibits in support of their claims. Plaintiffs argue that it is undisputed that Plaintiffs have paid in full for the Vessel and that documentation of Plaintiffs' home sales, vet bills, and personal accounts are not relevant to any party's claims or counterclaims. Further, Plaintiffs argue, they should not be required to produce evidence to substantiate Defendant's unsupported theories of fraud. Dkt. # 121 at 5.

Based on Plaintiffs' counsel's attestation that they have provided the above-mentioned documentation to Defendant, this Court sustains Plaintiffs' objection. Although the Court construes relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that sis or may be in the case," discovery must have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). It is indeed undisputed that Defendant represented to Plaintiffs that the purchase price of the Vessel was "paid in full" in May 2022. Dkt. # 113 at 4. How Plaintiffs obtained the money paid to Defendant for the

Vessel and whether Plaintiffs spent funds on a vehicle or veterinary bills are not relevant to any party's claims, counterclaims, or affirmative defenses. If this Court were to require the disclosure of the entirety of their financial records, the burden placed on Plaintiffs would surely outweigh its likely benefit. Fed. R. Civ. P. 26(b)(1).

Additionally, Defendant is not entitled to sanctions. The Federal Rules of Civil Procedure provide for sanctions where a party "fails to obey an order to provide or permit discovery[.]" Fed. R. Civ. P. 37(b)(2). This Court has not issued a prior order requiring Plaintiffs to permit or provide certain discovery. Therefore, Defendant's motion to compel and for Rule 37 sanctions is **DENIED**.

**c.) Plaintiff's Motion for Protective Order (Dkt. # 114)**

Plaintiffs seek a protective order regarding Defendant's Interrogatory No. 1 and Defendant's second set of Interrogatories. Dkt. # 114. Plaintiffs argue that they have fully responded to Interrogatory No. 1, and Defendant's second set of Interrogatories that seek Plaintiffs' financial documents, bank records, and other similar documentation, are irrelevant, oppressive, and unduly burdensome. *Id.* at 4. However, because this Court has denied Defendant's motion to compel and for sanctions as to Defendant's second set of interrogatories, Plaintiffs' motion for a protective order is **DENIED** as moot.

**d.) Requests for Fees (Dkt. # 111)**

Plaintiffs seek fees of $3,712 incurred in relation to the filing of their motion to compel. Dkt. # 112 ¶ 16. Defendant concedes that he is not entitled to attorney's fees because he is proceeding *pro se*. Dkt. # 117 at 6. However, he seeks "a reasonable $5,000 for the many hours spent preparing" his motion to compel. *Id.*

"If the motion [to compel] is granted… the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion… to pay the movant's reasonable expenses incurred in making the motion…" Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not order payment if the movant filed the motion before attempting in good faith to obtain the discovery without court action, the opposing

party's nondisclosure, response, or objection was substantially justified, or if "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Whether to award fees is within the trial court's discretion. *Marquis v. Chrysler Corp.*, 577 F.2d 624, 641-42 (9th Cir. 1978) ("When a party's conduct during discovery necessitates its opponent's bringing motions which otherwise would have been unnecessary, the court may properly order it to pay the moving party's expenses…"). Having taken the Federal Rules into consideration, the Court finds an award of fees to Plaintiffs to be appropriate.

Defendant Brandt's refusal to participate meaningfully in the discovery process by cancelling his deposition at the last minute, making numerous baseless objections and refusing to answer basic questions during his deposition, and failing to produce a single document in response to Plaintiffs' RFPs has led to vigorous discovery-related motions practice and multiple hearings. Defendant's actions required Plaintiff to seek an order compelling him to appear—even after agreeing to conduct the deposition virtually and accommodate Defendant's work schedule and time zone. The Court, therefore, awards to Plaintiffs fees in the amount of $3,712.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to compel (Dkt. # 111) and Plaintiff's motion for a protective order (Dkt. # 114) is **DENIED as moot**. Defendant is ordered to respond fully to Plaintiffs' Interrogatory Nos. 1, 2, 3, 4, 6, 7, 8, 10, and 17 and RFP Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, and 18 within seven (7) days of the date of this Order.

Further, Defendant is ordered to appear for a deposition to answer fully the topics listed on page 11 of Plaintiffs' motion to compel (Dkt. # 111). Plaintiffs may only ask questions that Defendant refused to answer in Defendant's prior deposition as detailed in Plaintiffs' motion to compel. This deposition shall not exceed two (2) hours. Finding

good cause, Plaintiffs are granted leave to conduct this deposition by October 31, 2023, and Defendant shall make himself available prior to this deadline.

Defendant's motion to compel and for sanctions (Dkt. # 117) is **DENIED.**

Plaintiffs' request for fees is **GRANTED** in the amount of $3,712. Defendant Brandt shall pay this sum within **thirty (30) days** of the date of this Order.

This Court expects Defendant to fully comply with Rule 30(c)(2), his discovery obligations, and all other applicable rules. Fed. R. Civ. P. 30(c)(2). If Defendant refuses to answer questions during the second deposition, except where necessary to preserve a privilege[2], he will be sanctioned for violation of this Court's order and Rule 30(c)(2).

Dated this 13th day of October, 2023.

Richard A Jones

The Honorable Richard A. Jones
United States District Judge

[2] This Court is not aware of any privilege that Defendant could assert, and defendant has not identified any. Accordingly, this Court expects that Defendant will answer every question fully.