The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID DAVIDOW and SHERYL DE MERS, domestic partners,

    Plaintiffs,

v.

ZALNATRAV, INC., a Washington corporation; RAVENARK, a Washington sole proprietorship; TRAVIS B. BRANDT and JANE DOE BRANDT, husband and wife, and the marital community composed thereof,

    Defendants.

Civil Action No. 2:22-cv-01594-RAJ

**ORDER**

## I.  INTRODUCTION

THIS MATTER comes before the Court on Defendant Travis Brandt's "Motion to Reconsider Order 159" (Dkt. # 162), "Praecipe Motion to Resubmit Motion to Reconsider" (Dkt. # 164[1]), and "Motion to Reconsider Order 169" (Dkt. # 170). Having

---

[1] Defendant originally filed this Motion at Dkt. # 162. He later re-filed the Motion at Dkt. # 164, stating that Dkt. # 162 was uploaded in error. Dkt. # 164 at 1.

ORDER - 1

reviewed the pleadings, the record, and relevant law, the Court **DENIES** Defendant's Motions.

## II.    BACKGROUND

On January 24, 2024, this Court entered an order granting Plaintiffs' motion for partial summary judgment (Dkt. # 123) and denying Defendant Brandt's motion for summary judgment dismissal of Plaintiffs' claims (Dkt. # 130), motion to compel attendance at settlement hearing (Dkt. # 131), motion regarding attorney's fees of $1,712 (Dkt. # 147), and motion regarding 17% interest (Dkt. # 148). Dkt. # 159. This order resolved the parties' claims with one exception—Plaintiffs' civil RICO claim. Plaintiffs then filed a motion to voluntarily dismiss this claim. Dkt. # 160. On February 6, 2024, all parties appeared for a telephonic conference and stipulated to the dismissal of the civil RICO claim with prejudice. Dkt. # 168. This Court then entered an order memorializing the parties' stipulation, dismissed Plaintiffs' RICO claim with prejudice, and vacated the parties' trial date. Dkt. # 169. With the entirety of the parties' claims now resolved, the Court turns to Defendant Brandt's motions seeking reconsideration of the summary judgment order and the order dismissing Plaintiffs' RICO claim with prejudice. Dkt. ## 162, 164, 170.

## III.    DISCUSSION

Motions for reconsideration are governed by Local Rule 7(h), which provides the following:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. LCR 7(h)(1). A motion for reconsideration must be filed within fourteen days after the order to which it relates is filed. LCR 7(h)(2).

ORDER - 2

Here, Defendant argues that this Court's findings related to summary judgment are "erroneous" and disputes many facts put forth by Plaintiffs. Dkt. # 162 at 7-13. Defendant offers many of his own factual assertions which, he argues, undermine this Court's findings. In particular, he contests this Court's interpretation of the parties' contract and argues that the contract was not intended to defraud Plaintiffs, and again insists that he did not misuse the funds paid to him by Plaintiffs under the contract. *Id.*

As this Court stated in its order, "summary judgment is appropriate if there is no *genuine dispute* as to any material fact…." Fed. R. Civ. P. 56(a). In both briefing and oral argument, Defendant has raised various factual disputes with Plaintiffs surrounding the construction of the Vessel; however, uncorroborated allegations and self-serving testimony like the kind advanced by Defendant will not serve to create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 1987). The existence of factual disputes between the parties was not sufficient to defeat Plaintiffs' request for summary judgment, which was supported by ample evidence, including Defendant's deposition testimony.

As for the motion to reconsider this Court's order dismissing the civil RICO claim with prejudice, Defendant claims that the order includes the language "to enter final judgment"—language that Defendant opposes being included in any court order, presumably to make clear his opposition to partial summary judgment being granted in favor of Plaintiffs. Dkt. # 170 at 2. The Court understands Defendant's concern about this language to be the reason the parties were not able to stipulate to the dismissal of the RICO claim prior to the teleconference. *See* Dkt. # 161. However, Defendant's objection is misplaced. This Court's February 6, 2024 order does not include the phrase "to enter final judgment." Instead, the order simply notes that Defendant does not consent to the inclusion of this language. *See* Dkt. # 169 at 1.

All told, Defendant fails to present new facts or legal authority in either motion

ORDER - 3

compelling a different result. Defendant's motions for reconsideration are therefore **DENIED**.

### IV.     CONCLUSION

The Court finds that Defendant has provided no basis for the Court to reconsider its order granting Plaintiffs' motion for partial summary judgment or its order dismissing Plaintiffs' civil RICO claim with prejudice. Defendant has failed to demonstrate manifest error in the Court's prior rulings or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Therefore, the Court **DENIES** Defendant's "motion to reconsider order 159" (Dkt. # 162, 164) and "motion to reconsider order 169" (Dkt. # 170).

DATED this 15th day of February, 2024.

The Honorable Richard A. Jones
United States District Judge