The Honorable Richard A. Jones

1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID DAVIDOW and SHERYL DE
MERS, domestic partners,

Plaintiffs,

v.

ZALNATRAV, INC., a Washington
corporation; RAVENARK, a Washington
sole proprietorship; TRAVIS B. BRANDT
and JANE DOE BRANDT, husband and
wife, and the marital community
composed thereof,

Defendants.

Case No. 2:22-cv-01594-RAJ

**ORDER**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THIS MATTER comes before the Court on Plaintiffs' request to supplement this

Court's Judgment, Dkt. # 173, filed in response to this Court's order that Plaintiffs

provide an accounting of post-judgment interest, damages, and attorney's fees arising out

of RCW 19.86.090, and reasonable attorney's fees and costs. Dkt. # 174.

ORDER - 1

1    Previously, this Court granted Plaintiffs' motion for summary judgment as to their

2    fraud, breach of contract, conversion, and Washington Consumer Protection Act (WCPA)

3    claims against Defendants and dismissal of Defendants' counterclaims for fraud, breach

4    of contract, and malicious prosecution. Dkt. # 159. This Court granted Plaintiffs' request

5    for the imposition of a constructive trust upon the Vessel at issue, its associated engines,

6    and items purchased with funds paid by Plaintiffs to Defendants. *Id.* Plaintiffs then

7    moved for entry of a final judgment and to dismiss their outstanding civil RICO claim.

8    Dkt. # 160. The parties appeared for a telephonic hearing on Plaintiffs' motion, Dkt. #

9    168, and this Court entered judgment for Plaintiffs in the amount of $74,398 and awarded

10   pre-judgment interest in the amount of $20,767.45. Dkt. ## 169, 173. This Court ordered

11   Plaintiffs to supplement their motion for entry of final judgment with a further accounting

12   of attorney's fees and costs associated with this litigation and damages under the WCPA.

13   Dkt. # 174.

14       Plaintiffs now seek to supplement the judgment and seek attorney's fees in the

15   amount of $132,909.50, expert witness fees in the amount of $15,993.62, and legal costs

16   of $11,124.95. Dkt. # 175. Further, Plaintiffs seek WCPA treble damages in the statutory

17   maximum amount of $25,000 and request that post-judgment interest be calculated at a

18   rate of 10.5% as provided for in RCW 4.56.110(3).

19       Fed. R. Civ. P. 54(d)(1) provides: "Unless a federal statute, these rules, or other

20   court order provides otherwise, costs-other than attorney's fees-should be allowed to the

21   prevailing party." *See also Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016).

22   Further, the WCPA allows successful plaintiffs to "recover the actual damages sustained

23   by him or her, or both, together with the costs of the suit, including a reasonable

24   attorney's fee." RCW 19.86.090; *see also Frias v. Asset Foreclosure Servs., Inc.*, 181

25   Wn.2d 412, 432, 334 P.3d 529 (2014). "In computing, for purposes of the CPA, a

26   reasonable amount of attorney's fees…the Court is charged with making 'an independent

ORDER - 2

1   decision' as to what represents a reasonable amount of attorney's fees." *Straitshot*

2   *Commc'ns, Inc. v. Telekenex, Inc.*, No. C10-268-TZ, 2012 WL 5880293, at *6 (W.D.

3   Wash. Nov. 20, 2012) (citing *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 744

4   (1987)).

5        Having reviewed Plaintiffs' counsel's billing records, this Court finds counsel's

6   hourly rates and the amount of hours billed to be reasonable. *Ingram v. Oroudjian*, 796

7   F.2d 1205, 1240-11 (9th Cir. 1986) (district courts are justified in relying on their own

8   knowledge and familiarity with the legal market in setting a reasonable hourly rate).

9   Here, counsel's hourly rates are at or below prevailing rates in the area, and the fees were

10  heavily discounted. *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d

11  403, 407 (9th Cir. 1990) (affidavits of the plaintiffs' attorney are satisfactory evidence of

12  the prevailing market rate); *see also* Dkt. # 176 (Declaration of Katie Smith Providing

13  Accounting of Litigation Costs and Attorneys Fees Consistent with Dkt. # 174). The

14  Court notes that Plaintiffs were required to respond to voluminous non-meritorious

15  motions filed by Defendants throughout this matter and seek court intervention by filing

16  motions to compel discovery production and the completion of Defendant's deposition at

17  various junctures. *See* Dkt. ## 86, 111. This undoubtedly drove up the costs of this

18  litigation. Plaintiffs additionally incurred expert witness costs in retaining naval architect

19  Craig Sylvester to assess the construction of the incomplete Vessel, Freddie Rosado to

20  appraise the value of the Vessel hull and its associated engines, and CPA Steve Roberts

21  to analyze the financial and accounting records maintained by Defendants. Each report

22  was utilized in support of Plaintiffs' successful WCPA, fraud, conversion, and breach of

23  contract claims. *See* Dkt. # 125, Exs. G, H, I. As such, the Court finds it appropriate to

24  award attorney's fees and costs incurred by Plaintiffs in the course of this litigation. *See*

25  *Peoples v. United Serv. Auto. Ass'n*, 194 Wn.2d 771, 782, 452 P.3d 1218 (2019) (*en*

26  *banc*) (expenses incurred to investigate a deceptive act or practice are cognizable injuries

ORDER - 3

1   and damages under the WCPA); *see also Ethridge v. Hwang*, 105 Wn.App. 447, 461, 20

2   P.3d 958 (2001) (court not required to artificially segregate time in a case where all

3   claims relate to the same fact pattern, but allege different bases for recovery).

4         The WCPA also provides for damages, and the court may, in its discretion,

5   "increase the award of damages up to an amount not to exceed three times the actual

6   damages sustained," provided that the amount not exceed $25,000. RCW 19.86.090.

7   Here, this Court has previously entered a judgment for damages in the amount of

8   $74,398. Although Defendants' actions have injured Plaintiffs, and a WCPA claim

9   requires a plaintiff to establish that a defendant's practices "have the potential to affect

10  the public interest," *Indoor Billboard/Wash., Inc. v. Integra Telcom of Wash., Inc.*, 162

11  Wn.2d 59, 73 170 P.3d 10 (2007) (*en banc*), Plaintiffs have not established that

12  Defendants' actions impacted particularly large numbers of consumers or involved a

13  large number of statutory violations. *Compare* Dkt. # 159 at 16-19 (discussing Plaintiffs'

14  WCPA claim) *with Matheny v. Unumprovident Corp.*, 594 F.Supp.2d 1212, 1225-26

15  (E.D. Wash. 2009) (finding that treble damages in the statutory maximum amount were

16  appropriate where solicitation and dissemination of materials were part of an "ongoing

17  course of conduct affecting thousands of consumers") *and In re Bryce*, 491 F.R. 157, 186

18  (W.D. Wash. 2013) (awarding maximum treble damages "due to the number and extent

19  of both federal and state statutory violations present" in the case). Therefore, the Court

20  declines to increase the damages award beyond the judgment already entered in favor of

21  Plaintiffs.

22  ///

23  ///

24  ///

25  ///

26  ///

ORDER - 4

1    The Court therefore ORDERS that, in addition to the judgment amounts entered

2    on February 16, 2024, judgment is entered in favor of Plaintiffs David Davidow and

3    Sheryl De Mers against Defendants Travis Brandt, Zalnatrav, Inc., and Ravenark as

4    follows:

5         1.  Attorney's fees and costs in the amount $160,028.07; and

6         2.  A post-judgment interest rate of 10.5%.

7

8    DATED this 28th day of May, 2024.

9

10

11   _____

12   The Honorable Richard A. Jones
     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 5